UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAWRENCE MOORE, <br><br> Plaintiff, <br><br> vs. <br><br> SCHMITT ELECTRIC, INC.; DAVID SEAL; DEREK SCHOFFEN; RICH PARKS; STEVEN RAY; WES STEVENS; LOCAL UNION 191; DAVE HOWSON; and MIKE BAIRD, <br><br> Defendants. | NO. CV-07-0054-LRS <br><br> ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

BEFORE THE COURT is Defendants Schmitt Electric, Inc., David Seal, Derek Schoffen and Rich Parks' Motion to Dismiss, Ct. Rec. 18, filed on October 3, 2007 and Defendants Dave Howson, Mike Baird, and Local Union 191's Motion to Dismiss, Ct. Rec. 13, also filed October 3, 2007. Despite the Court granting Plaintiff's request to extend time on October 26, 2007, Plaintiff has not filed his response to the pending motions. See Ct. Rec. 26. The Court's October 26th order also stated that oral presentation was not warranted on the pending motions and that the motions would be deemed under advisement as of November 7, 2007.

Defendants request that the Court dismiss Plaintiff's complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). First, Defendants argue that pro se Plaintiff Moore's claims must be dismissed because he is barred by an injunction from filing such a lawsuit without prior leave of the Court. Second, the duty

ORDER - 1

of fair representation claim must be dismissed as against the Defendant Union and the two individual defendants because Moore failed to allege he has exhausted his available contractual remedies.  Third, the state law claims should be dismissed against the Defendant Union and its two agents because they require interpretation of a collective bargaining agreement and are therefore preempted by federal law.  Fourth, Moore's claim for punitive damages must be dismissed because such damages are not available for breaches of the duty of fair representation or under Washington state law.  Fifth, Moore's claims against individual Union Defendants must be dismissed because Union agents cannot be held personally liable for Union conduct.  Sixth, the Complaint should be dismissed in its entirety because the Plaintiff failed to comply with a vexatious injunction issued against him. Seventh, the Third Cause of Action for Assault and Attempted Battery should be dismissed because the pleading is insufficient.

**DISCUSSION**

Plaintiff Lawrence Moore sues International Brotherhood of Electrical Workers (IBEW), Local Union No. 191 and his former employer, as well as two Local Union agents for an alleged breach of duty of fair representation/breach of labor contract under the Labor Management Relations Act, 29 U.S.C. § 185.  See Complaint. Plaintiff also alleges two state law claims against the Defendants Union, Howson, and Baird for breach of the covenant of good faith and fair dealing and intentional infliction of emotional distress. Id.  Plaintiff's claims arise from his status as an employee whose employment terms are covered by a labor agreement.  Id.  He alleges that he was transferred from night to day shift, then

ORDER - 2

improperly fired by his employer. Id.  He also alleges that the Union defendants ignored and failed to investigate his assault, transfer, and firing. Id.  Plaintiff Moore alleges that the Union and individual defendants violated the federal duty of fair representation.  His state law relates to the same matters as his claims of breach of the duty of fair representation and breach of labor contract.  Id.

## INJUNCTION BARS PLAINTIFF'S LAWSUIT

Defendants argue that Plaintiff has acquired the label of a vexatious litigant and his claims are barred by a federal injunction.  Specifically, in 2003, Judge James G. Carr of the United States District Court for the Northern District of Ohio concluded that Moore had pursued claims similar to those he currently pursues with a "Bad faith, vexatious, and malicious purpose," and that "[h]is claims lack merit whatsoever."  Moore v. Int'l Bhd. Of Elec. Workers, Local 8, 2003 WL 22722931 at *1 (N.D. Ohio 2003).  Ct. Rec. 14, Exh. A.  Therefore, "in view of the plaintiff's history of vexatious lawsuits in this district and elsewhere," Judge Carr issued an injunction against him.  Id. Under its terms, Moore "is permanently restrained and enjoined" from suing in any federal district court without first obtaining leave from Judge Carr, based on a showing of good cause "that such suit is brought in good faith and states one or more colorable claims for relief."  Id.

In 2005, Defendants point out Moore sued another IBEW Local in the United States District Court for the Central District of California.  Ct. Rec. 16, Robblee Decl., pp. 44-46, Moore v. Local Union No. 413, et al., CV 05-6287-RSWL.  Applying Judge Carr's

ORDER - 3

order, Judge Ronald S.W. Lew dismissed the action because Moore had not "demonstrated that he obtained leave prior to filing his complaint." Id. At p. 45-46.  Plaintiff now sues a third IBEW local union without having obtained leave prior to filing his complaint in this case.  Defendants argue, and the Court agrees, Plaintiff's claims must be dismissed as violating Judge Carr's order in the instant case.

Furthermore, Plaintiff has failed to file a response despite an extension granted by the Court to do so.  Pursuant to Local Rule 7.1 (h)(5), the failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default.  The Court, having reviewed the moving papers filed by defendants, finds that Plaintiff's Complaint should be dismissed for substantive reasons as well. Accordingly,

**IT IS ORDERED**:

1. Defendants Schmitt Electric, Inc., David Seal, Derek Schoffen and Rich Parks' Motion to Dismiss, **Ct. Rec. 18**, filed on October 3, 2007 is **GRANTED.**

2. Defendants Dave Howson, Mike Baird, and Local Union 191's Motion to Dismiss, Ct. Rec. 13, filed October 3, 2007 is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel AND Plaintiff Lawrence Moore and to **CLOSE THIS FILE**.

**DATED** this 26th day of November, 2007.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4